IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VERNATINE MASSENBERG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 10 C 7187 |
| A&R SECURITY SERVICES, INC., ) | |
| and MICHAEL NEWBERRY, individually ) | |
| and officially, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

On February 25, 2011, plaintiff Vernatine Massenberg ("Massenberg") filed a First Amended Complaint against defendants A&R Security Services, Inc. ("A&R") and Michael Newberry ("Newberry"), individually and in his official capacity, asserting the following claims: "Violation, Title VII Race Discrimination" against A&R (Count I); "Violation, Harassment (Sexual and nonsexual) and Hostile Work Environment, Title VII" against A&R (Count II); "Violation, 42 U.S.C. 1981 (Section 1981)" against A&R and Newberry (Count III); "Violation, Harassment (Sexual and nonsexual) and Hostile Work Environment, Section 1981" against A&R and Newberry (Count IV); and "Violation, State of Illinois Human Rights Act, Harassment (Sexual and nonsexual)" against A&R and Newberry (Count V). (Dkt. No. 18 ("1st Am. Compl.") ¶¶ 39-81.) Currently before the court is defendants A&R and Newberry's (collectively "Defendants") "Rule 12(b)(1) and (b)(6) Motion to Dismiss" (Dkt. No. 20 ("Defs.' Mot.")). For the reasons explained below, Defendants' Motion is granted in part and denied in part.

BACKGROUND

On February 11, 2008, Massenberg filed a charge of discrimination ("Charge") against defendant A&R before the U.S. Equal Employment Opportunity Commission ("EEOC"). In the Charge, Massenberg checked the boxes indicating she was discriminated against based on race, sex, religion, and retaliation occurring between April 17, 2007, and January 18, 2008. (Charge (attached as Ex. A to Dkt. No. 10-1 ("Defs.' Mem.")).)[1] Massenberg additionally provided the following description of her claim:

> I began employment with Respondent on or about December 08, 2000. . . . During my employment, I was subjected to race-based derogatory comments and different terms and conditions of employment. I complained of discrimination to Respondent. Subsequently, I was laid off and hired at a new location. I was discharged on January 18, 2008.
>
> I believe that I have been discriminated against because of my race, Black, my sex, female, and my religion, Baptist, and retaliated against for engaging in protected activity, in violation of Title VII of [the] Civil Rights Act of 1964, as amended.

(Charge.)

The EEOC issued a Notice of Right to Sue letter on August 9, 2010 ("Notice") (attached as Ex. A to 1st Am. Compl.), and Massenberg received the Notice on August 12, 2011 (1st Am. Compl. ¶ 5). On November 6, 2010, Massenberg filed a complaint against A&R, Newberry, individually and in his official capacity, and Chuck Howell ("Howell"), individually and in his

---

[1] Even though Massenberg's First Amended Complaint does not attach the Charge, in the Seventh Circuit, "it is . . . well-settled" that "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. Such documents may be considered by a district court in ruling on the motion to dismiss." *188 L.L.C. v. Trinity Indus. Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (quoting *Wright v. Assoc. Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994)). Because "[a]s a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge," *Cheek v. W. and S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994), the Charge is central to Massenberg's claim and the court has considered it in ruling on Defendants' Motion.

official capacity. After those defendants filed a motion to dismiss (Dkt. No. 10), Massenberg filed a First Amended Complaint (Dkt. No. 18), which dismissed Massenberg's claims against Howell.

In the First Amended Complaint, Massenberg asserts the following claims: "Violation, Title VII Race Discrimination" against A&R (Count I); "Violation, Harassment (Sexual and nonsexual) and Hostile Work Environment, Title VII" against A&R (Count II); "Violation, 42 U.S.C. 1981 (Section 1981)" against A&R and Newberry (Count III); "Violation, Harassment (Sexual and nonsexual) and Hostile Work Environment, Section 1981" against A&R and Newberry (Count IV); and "Violation, State of Illinois Human Rights Act, Harassment (Sexual and nonsexual)" against A&R and Newberry (Count V). (1st Am. Compl. ¶¶ 39-81.) Defendants filed a "Rule 12(b)(1) and (b)(6) Motion to Dismiss" (Dkt. No. 20), seeking to dismiss all of Massenberg's claims with the exception of Massenberg's Title VII racial discrimination claim (Count I), to the extent that claim relies on alleged events occurring after April 17, 2007.

LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although the complaint need not contain "detailed factual allegations," "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. The complaint must "include sufficient

3

facts 'to state a claim for relief that is plausible on its face.'" *Cole*, 634 F.3d at 903 (quoting *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009)). In ruling on a Rule 12(b)(1) or 12(b)(6) motion to dismiss, the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. *Id.*; *Evers v. Astrue*, 536 F.3d 651, 656 (7th Cir. 2008).

ANALYSIS

I.  Title VII Race Discrimination Claim (Count I)

Under Title VII, an employer is prohibited from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. 2000e-2(a)(1).

Defendants do not move to dismiss Count I in its entirety but rather argue that Massenberg cannot rely on certain allegations in the First Amended Complaint to support the Title VII race discrimination claim because those incidents are outside the statute of limitations period and additionally beyond the scope of Massenberg's EEOC Charge. Because the statute of limitations prevents Massenberg from relying on these allegations as a basis for her Title VII racial discrimination claim in Count I, the court limits its analysis to that issue.

Title VII's statute of limitations provision provides that a plaintiff must file an EEOC charge

> within one hundred and eighty days after the alleged unlawful employment practice occurred . . . , except that [if] . . . the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice . . . , such charge shall be filed . . . within three hundred days after the alleged unlawful employment practice occurred.

*Turner v. The Saloon, Ltd.*, 595 F.3d 679, 684 (7th Cir. 2010) (quoting 42 U.S.C. §

4

2000e-5(e)(1)). Here, the parties agree that the 300 day statute of limitations applies to Massenberg's Title VII claim. (Defs.' Mem. 4; Dkt. No. 25 ("Massenberg's Resp.") 6-7.)

Defendants argue that the court should strike the allegations related to the following incidents in Massenberg's First Amendment Complaint because these alleged incidents occurred before April 17, 2007 (300 days before Massenberg filed her Charge):

> In 2003, her Field Supervisor, Jeff Sharkey, exposed himself to Massenberg and harassed her after she reported the incident to management (1st Am. Compl. ¶¶ 15-17);
>
> On or about February 2, 2004, the post 3 acting supervisor, Helen Wiley, spoke to Massenberg in a "nasty and disrespectful way," "yelled some derogatory and harassing remarks" at her, and verbally harassed her (*id.* ¶¶ 19-21);
>
> In or about 2006, District Manager Dennis Tijoux said to Massenberg, "You people! I'm tired of you people. If it was left to me, you wouldn't be here!" (*id.* ¶¶ 22-23);
>
> In or about 2006, Connie Mathus stated to Massenberg, "Motherfucker, I don't like you" (*id.* ¶ 25);
>
> In or about 2007, Gayle Harris allegedly "screamed at Massenberg while accusing her of theft" (*id.* ¶ 26); and
>
> In or about 2007, Booker, an A&R employee, allegedly stated to Massenberg, "Leave the company because they hate your guts. This is not a woman's job" (*id.* ¶ 27).[2]

Massenberg does not appear to dispute that the above allegations cannot be the basis for her Title VII racial discrimination claim in Count I. Instead, citing *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002), Massenberg argues that the "[s]tatute of limitations

---

[2] Massenberg does not argue that the alleged incidents occurring "in or about 2007" actually occurred after April 17, 2007. Even if they did occur within the 300 day limitations period, however, such allegations, viewed in the light most favorable to Massenberg, do not support a claim of racial discrimination.

5

period does not bar an employee from using the prior acts as background evidence to support a timely filed claim." (Massenberg's Resp. 7.) The court agrees with Massenberg that under *Morgan*, acts occurring outside of the limitations period can provide background evidence of an otherwise timely claim. Massenberg cannot, however, rely on these pre-April 17, 2007 factual allegations as a basis for her Title VII racial discrimination claim asserted in Count I. Massenberg's claim in Count I against A & R remains pending to the extent it is based on the post-April 17, 2007 incidents alleged in the First Amended Complaint.

II.     Harassment and Hostile Work Environment Claims (Count II)

In Count II, Massenberg brings claims for "Violation Harassment (Sexual and nonsexual) and Hostile Work Environment." (1st Am. Compl. 9.) First, to the extent that Count II's harassment and hostile work environment claims relate to sexual discrimination or harassment, the court agrees with Defendants that such claims are outside the scope of Massenberg's Charge.

"As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). This rule serves two purposes: first, it "afford[s] the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion"; and second, it "give[s] the employe[r] some warning of the conduct about which the employee is aggrieved." *Id.* at 500. Consequently,

> [f]or a plaintiff to proceed on a claim not raised in an EEOC charge, "there must be a reasonable relationship between the allegations in the charge and the claims in the complaint, and it must appear that the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge."

*Jones v. Res-Care, Inc.*, 613 F.3d 665, 670 (7th Cir. 2010) (quoting *Vela v. Village of Sauk*

*Village*, 218 F.3d 661, 664 (7th Cir. 2000)). In other words, "the EEOC charge and the complaint must, at minimum, describe the *same conduct* and implicate the *same individuals*." *Cheek*, 31 F.3d at 501 (emphasis in original).

Here, Massenberg's Charge generally identifies discrimination based on sex, but it does not include any specific factual allegations related to sexual harassment or discrimination. Instead, the Charge merely states that Massenberg believed she "was subjected to race-based derogatory comments and different terms and conditions of employment" and that after complaining to A&R, she was "laid of off [,] . . . hired at a new location" and later "discharged on January 18, 2008." (Charge.) These cursory allegations which make no reference to sexual harassment or discrimination are inadequate to place Massenberg's employer on notice of the basis for her sexual harassment claim.

In *Cheek*, the Seventh Circuit explained that "[b]ecause an employer may discriminate on the basis of sex in numerous ways, a claim of sex discrimination in an EEOC charge and a claim of sex discrimination in a complaint are not alike or reasonably related just because they both assert forms of sex discrimination." *Cheek*, 31 F.3d at 501. Similarly, here, merely checking the sex discrimination box on the Charge without including any factual allegations related to the alleged sex discrimination or harassment is not sufficient to allow this court to find that the allegations of sexual harassment in Massenberg's complaint are reasonably related to the allegations in the Charge. To allow Massenberg to pursue such a claim "would eviscerate the general rule that each separate act of discrimination must be set out in an EEOC charge before an action can be brought." *Jones*, 613 F.3d at 670. Massenberg's claim for sexual harassment in Count II accordingly is dismissed. Additionally, to the extent that Massenberg's hostile work

7

environment claim in Count II is based on alleged sexual discrimination or harassment, for the reasons explained above, such a claim also is outside the scope of Massenberg's EEOC Charge.

Second, to the extent that Massenberg's hostile work environment claim is based on racial discrimination or harassment,[3] Massenberg similarly cannot rely on factual allegations in the First Amended Complaint which are outside the scope of the Charge. Hostile work environment claims "involve[] repeated conduct" which "occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." *Morgan*, 536 U.S. at 115. "Such claims are based on the cumulative affect of individual acts." *Id.* Although, under *Morgan*, a plaintiff can rely on events occurring outside of the limitations period to support a hostile work environment claim "so long as any act contributing to that hostile environment takes place within the statutory time period," *id.* at 105, here the pre-April 17, 2007 events Massenberg identified in the First Amended Complaint cannot "reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Jones*, 613 F.3d at 670 (quoting *Vela*, 218 F.3d at 664).

In her Charge, Massenberg did not check the box marked "Continuing Action." (Charge.) She also stated that the alleged discrimination occurred between April 17, 2007, and January 18, 2008. (*Id.*) Insofar as Massenberg intends to rely on incidents occurring before April 17, 2007 to support her hostile work environment claim, the court finds that those incidents

---

[3] Massenberg does not explain what "nonsexual" harassment forms the basis of her hostile work environment claim, and Defendants apparently assume that the hostile work environment claim in Count II is based only on sexual harassment. (*See* Defs.' Reply 5-6.) In Count II of the First Amended Complaint, however, Massenberg alleges that A&R "direct[ed] or allow[ed] racially derogatory comments" which "creat[ed] a harassing and hostile work environment." (1st Am. Compl. ¶ 50.) Thus, for purposes of Defendants' Motion, the court assumes that Massenberg is also pursuing a claim for hostile work environment based on racial discrimination or harassment.

do not share a "reasonable relationship" to the allegations in Massenberg's Charge.[4] *Jones*, 613 F.3d at 670 (quoting *Vela*, 218 F.3d at 664). Massenberg may proceed with her hostile work environment claim in Count II to the extent that claim is predicated on the post-April 17, 2007 events alleged in the First Amended Complaint and is otherwise consistent with this order.

III.    Section 1981 Claims (Counts III & IV)

Defendants' next argue that Massenberg's § 1981 claims in Counts III and IV must be dismissed based on a two-year statute of limitations period because Massenberg filed her original complaint on November 10, 2010, and all of the alleged wrongful conduct occurred on or before January 18, 2008. Although Massenberg does not dispute that the statute of limitations for § 1981 claims is two years, based on this court's research, the statute of limitations for such claims actually is *four* years. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 371, 382 (2004); *Pruitt v. City of Chi.*, 472 F.3d 925, 927 (7th Cir. 2006) (citing *Jones*). Defendants have offered no other basis for dismissing Massenberg's § 1981 claims. Massenberg's First Amended Complaint identifies certain allegedly discriminatory incidents occurring within the four-year statute of limitations period. Defendants, therefore, have failed to demonstrate that Massenberg's § 1981 claims in Counts III and IV should be dismissed based on the statute of limitations.

IV.    Illinois Human Rights Act Claim (Count V)

Finally, Defendants argue that Massenberg's claim under the Illinois Human Rights Act,

---

[4] Massenberg has not raised any equitable arguments, such as equitable tolling or estoppel, with respect to her hostile work environment claim in Count II. (*See* Massenberg's Resp. 9-10.)

775 ILCS 5/1-101 *et seq.*, should be dismissed pursuant to Rule 12(b)(1) because, according to Defendants, federal courts do not have jurisdiction to adjudicate IHRA claims. This court disagrees.

Prior to 2008, the Illinois Human Rights Commission had exclusive jurisdiction to hear claims brought under the IHRA. *See Glebocki v. City of Chi.*, No. 01-1243, 32 Fed. Appx. 149, at *154-55 (7th Cir. Mar. 19, 2002). After the 2007 amendments to the IHRA, however, plaintiffs can also commence an IHRA claim in an Illinois circuit court. *See* 775 ILCS 5/8-111(A)(1) (effective Jan. 1, 2008). The Seventh Circuit has not squarely addressed the amendment's effect on the federal court's subject matter jurisdiction over IHRA claims, but district courts considering the issue have held that federal courts do have subject matter jurisdiction over such claims based on supplemental jurisdiction under 28 U.S.C. § 1367. *See Carr v. Avon Prods., Inc.*, No. 10 C 3124, 2011 WL 43033, at *2 (N.D. Ill. Jan. 6, 2011) (Guzman, J.); *Yucus v. Peoples Nat'l Bank,* No. 09-609-GPM, 2010 WL 1416140, at *2 (S.D. Ill. Apr. 1, 2010) (Murphy, J.). In fact, *Glemser v. Sugar Creek Realty, L.L.C.*, No. 09-3321, 2010 WL 375166, at *2 (C.D. Ill. Jan. 26, 2010), cited by Defendants, similarly recognized that an IHRA claim fell within the court's supplemental jurisdiction. This court finds that *Carr*, *Yucus*, and *Glemser* are persuasive and agrees that federal courts can exercise supplemental jurisdiction over IHRA claims. Here, because Massenberg's IHRA claim "form[s] part of the same case of controversy" as the claims over which this court has original jurisdiction, the exercise of supplemental jurisdiction is appropriate. *See* 28 U.S.C. § 1367(a).

Defendants additionally argue that Massenberg's IHRA claim should be dismissed for failure to exhaust administrative remedies. (Defs.' Reply 9.) Because Defendants did not raise

10

this argument until their Reply brief, that argument is waived. *Dexia Crédit Local v. Rogan*, 629 F.3d 612, 625 (7th Cir. 2010) ("[A]s we have often noted, arguments raised for the first time in a reply brief are waived."); *United States v. T&W Edmier Corp.*, 465 F.3d 764, 765 (7th Cir. 2006) ("A plaintiff's failure to take required pre-litigation steps may lead to defeat in court, but it is not a defect in the tribunal's adjudicatory competence. (To put this otherwise, failure to exhaust administrative remedies may be waived or forfeited, while an absence of subject-matter jurisdiction may not.)"). Defendants' Motion to Dismiss Massenberg's IHRA claim in Count V accordingly is denied.

## CONCLUSION

For the reasons explained above, Defendants' "Rule 12(b)(1) and (b)(6) Motion to Dismiss" (Dkt. No. 20) is granted in part and denied in part. To the extent that Massenberg attempts to rely on pre-April 17, 2007 events to support her Title VII racial discrimination claim in Count I, those incidents are barred by the statute of limitations. Massenberg's sexual harassment claim in Count II is also dismissed because it is outside the scope of Massenberg's EEOC Charge. To the extent that Massenberg's hostile work environment claim in Count II is based on any alleged sexual harassment or discrimination, that claim too is outside the scope of the EEOC Charge and is dismissed.

With respect to Massenberg's remaining claims under 42 U.S.C. § 1981 (Counts III & IV) and the Illinois Human Rights Act (Count V), Defendants' Motion to Dismiss is denied. Defendants are to file an Answer to the First Amended Complaint consistent with this order by May 25, 2011. The parties are to file a Form 52 by May 31, 2011. Status is set for June 7, 2011 at 9:00 a.m. to discuss scheduling.

ENTER:

_____
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: May 11, 2011