# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7187 | **DATE** | 7/18/2011 |
| **CASE TITLE** | Vernatine Massenberg vs. A & R Security Services, Inc., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons explained in the Statement section of this order, plaintiff Vernatine Massenberg's ("Massenberg") "Motion to Strike Defendants' Affirmative Defenses to Plaintiff's First Amended Complaint" (Dkt. No. 33) is granted. Defendants A & R Security Services, Inc. and Michael Newberry's (collectively "Defendants") first, third, and fourth affirmative defenses are stricken without prejudice. Defendants have leave to file an Amended Answer by August 1, 2011. The status hearing of July 21, 2011, is reset to September 1, 2011, at 9:00 a.m.

■[ For further details see text below.]

Notices mailed.

## STATEMENT

On February 25, 2011, plaintiff Vernatine Massenberg ("Massenberg") filed a First Amended Complaint against defendants A & R Security Services, Inc. ("A & R") and Michael Newberry ("Newberry"), individually and in his official capacity, asserting the following claims: "Violation, Title VII Race Discrimination" against A&R (Count I); "Violation, Harassment (Sexual and nonsexual) and Hostile Work Environment, Title VII" against A&R (Count II); "Violation, 42 U.S.C. 1981 (Section 1981)" against A&R and Newberry (Count III); "Violation, Harassment (Sexual and nonsexual) and Hostile Work Environment, Section 1981" against A&R and Newberry (Count IV); and "Violation, State of Illinois Human Rights Act, Harassment (Sexual and nonsexual)" against A & R and Newberry (Count V). (Dkt. No. 18 ("1st Am. Compl.") ¶¶ 39-81.) Defendants A & R and Newberry's (collectively "Defendants") filed a motion to dismiss (Dkt. No. 20), which this court granted in part and denied in part on May 11, 2011 (*see* Dkt. No. 28). Defendants then filed their answer to Massenberg's complaint (Dkt. No. 30 ("Answer")). Currently pending before the court is Massenberg's "Motion to Strike Defendants' Affirmative Defenses to Plaintiff's First Amended Complaint" (Dkt. No. 33). For the reasons explained below, Massenberg's motion is granted.

In their answer to Massenberg's First Amended Complaint, Defendants identify the following affirmative defenses: (1) Plaintiff has failed to state a cause of action; (2) Plaintiff has failed to mitigate damages; (3) Plaintiff's claims are barred in whole or in part by the statute of limitations; and (4) Plaintiff failed to exhaust her administrative remedies under the Illinois Human Rights Act. (Answer 19.) Defendants provide no additional allegations with respect to these affirmative defenses. Massenberg argues that Defendants' first, third, and fourth affirmative defenses should be stricken from Defendants' answer because they do not meet the pleading requirements of Federal Rules of Civil Procedure and they are

| STATEMENT |
|---|

inconsistent with this court's previous order on Defendants' motion to dismiss.[1]

Under Federal Rule of Civil Procedure 12(f), the court "may strike from a pleading an insufficient defense of any redundant, immaterial, impertinent, or scandalous matter." *Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009) (citing Fed. R. Civ. P. 12(f)). "Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." *Heller Fin. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). With respect to the pleading of claims, under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint need not contain "detailed factual allegations," but "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. The complaint must "include sufficient facts 'to state a claim for relief that is plausible on its face.'" *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011) (quoting *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009)). Although the Seventh Circuit has yet to address whether the same standards apply to pleading affirmative defenses, the majority of courts both in this and other districts have found that it does, *see Riemer v. Chase Bank USA, N.A.*, 10 C 6150, 2011 WL 2110242, at *2 (N.D. Ill. May 25, 2011) (listing cases), and this court agrees.

Applying the Federal Rule of Civil Procedure's pleading requirements to Defendants' affirmative defenses, which merely identify the affirmative defense without further elaboration or explanation, the court finds that Defendants' pleadings do not satisfy those requirements. The court emphasizes, however, that contrary to Massenberg's arguments in her motion, the court's previous ruling on Defendants' motion to dismiss (Dkt. No. 28) does not preclude Defendants from pursuing these affirmative defenses against Massenberg at a later stage in this litigation. Massenberg's Motion is granted, and Defendants' first, third, and fourth affirmative defenses are stricken without prejudice. Defendants have leave to file an Amended Answer re-pleading these affirmative defenses by _____, 2011.

---

[1] Massenberg originally moved to dismiss all of Defendants' affirmative defenses but has withdrawn her motion to dismiss the second affirmative defense for failure to mitigate damages. (*See* Dkt. No. 42, Massenberg's Reply 2.)

*James F. Holderman*